PELTZ v. FIRST NATIONAL BANK OF MIAMI, et al.
No. 64-C-9525.

Circuit Court, Dade County.
April 9, 1965.

Barnett Peltz and Henry M. Cain, both of Miami, for plaintiff.

Moore & Moore, D. Lloyd Zook, of counsel, for defendants.

WILLIAM A. HERIN, Circuit Judge.

*Amended final decree on pleadings:* This cause came on to be heard before the court upon plaintiff's motion for final decree on the pleadings. Both parties stipulated for the entry into evidence of the original exhibits as set forth in plaintiff's complaint in paragraph 4 (c) and (d), so that such exhibits should properly be before the court. The court heard argument of counsel for the respective parties and noted the law citations made by each party.

After careful deliberation and consideration, it is the finding of the court that the "Agreement Not to Encumber or Transfer Property" executed by Benito Rodriguez and Manuela Rodriguez, his wife, in favor of the defendant, First National Bank of Miami, and subsequently assigned by the defendant, First National Bank of Miami to the defendant, Old Republic Insurance Co., does not amount to or create an equitable lien against the real property of the plaintiff, Barnett Peltz, because it does not meet the requirements of an equitable lien or an equitable mortgage, in that the parties thereto did not intend that such agreement would be a charging lien or an equitable mortgage against said property, nor did they intend that such property would be security for the payment of the unsecured note executed by Benito Rodriguez and Manuela Rodriguez, his wife.

For the purpose of determining such finding, the court took into consideration that all matters denied or contraverted in plaintiff's complaint by the defendants, were untrue, and that all matters alleged in defendants' answer and affirmative defenses were true. Nevertheless, the plaintiff is entitled to a decree in his favor upon the pleadings and, therefore, the relief requsted in his complaint.

Accordingly, it is ordered, adjudged and decreed as follows —

That the taint or cloud upon the title of the plaintiff in and to the following described property, lying and being in Dade County, Florida, to-wit —

> Lot 28, block 23, *Suntan Village, Section Four*, according to the plat thereof, recorded in plat book 50, of page 24, of the public records of Dade County, Florida, commonly known as 921 E. 12th Place, Hialeah, Florida,

be, and same is hereby forever removed, and that said "Agreement Not to Encumber or Transfer Property" be, and same is hereby deemed as a nullity as to its effect upon the above described property, and that plaintiff's title in and to said property is hereby forever quieted as against the claims of the defendant, First National Bank of Miami, and the defendant, Old Republic Insurance Co., and that neither of said defendants has any estate or interest whatsoever in or to said land arising out of said "Agreement Not to Encumber or Transfer Property", and that the defendants, First National Bank of Miami and Old Republic Insurance Co., and each of them, and/or any persons claiming, by, through, or under said defendants and each of them, be forever barred from asserting any claim whatever in and to the said property adverse to the plaintiff's interest; and that court costs incurred in this cause in the sum of $44.50 are hereby assessed against the defendants.